**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AMERISURE INSURANCE COMPANY, | Case No.: 1:20-cv-01134-DAD-JLT |
| Plaintiff, | FINDINGS AND RECOMMENDATION TO DENY MOTION FOR DEFAULT JUDGMENT |
| v. | (Docs. 8, 15) |
| R&L CARRIERS, INC, A CORPORATION, et al., | |
| Defendants. | |

Plaintiff seeks default judgment against defendant Star Logix, Inc. (Docs. 8, 15)[1], and the defendant has not opposed this motion. For the following reasons, the Court recommends the motion for default judgment against defendant Star Logix, Inc. be **DENIED**.

**I.     Procedural History**

On August 14, 2020, plaintiff filed its complaint against Defendants R&L Carriers, Inc., Star Logix, Inc. and Midas Solutions, Inc.[2] (Doc. 1.) On September 7, 2020, defendant Star Logix, Inc. was served. (See Doc. 5.) Star Logix, Inc. failed to file a responsive pleading as required by Federal Rule of Civil Procedure 12(a)(1)(A)(i). On October 14, 2020, Defendant R&L Carriers, Inc.[3] filed its

---

[1] The Court notes that Plaintiff filed what appears to be a duplicative motion for default judgment (Doc. 15) after the clerk's entry of default.

[2] Plaintiff reported in their joint scheduling report that Midas Solutions, Inc. has not appeared in this matter yet, and the plaintiff is still attempting service for them. (Doc. 10 at 3, 5.) The Court has ordered the plaintiff to show cause why Midas should not be dismissed due to the violation of Rule 4(m). (Doc. 16)

[3] Defendant notes that R&L Truckload Services, LLC was erroneously sued as R&L Carriers, Inc. (Doc. 7 at 1.)

1

answer. (Doc. 7.)

On October 28, 2020, plaintiff filed the motion now pending before the Court seeking default judgment against defendant Star Logix, Inc. (Doc. 8.) Pursuant to this Court's order, the plaintiff sought the clerk's entry of default on December 2, 2020. (Docs. 12, 13.) Upon motion by the plaintiff, the Court entered the Clerk's Certificate of Entry of Default against defendant Star Logix, Inc. on December 4, 2020. (Docs. 13, 14.) On December 18, 2020, plaintiff filed what appears to be a duplicative motion for default judgment against defendant Star Logix, Inc. (Doc. 15.)

## II.     Plaintiff's Allegations[4]

Kar Nut Products Company, LLC retained R&L Carriers, Inc. as freight forwarder to hire trucking companies on Kar Nut's behalf to transport 41,000 pounds of the pistachios purchased from the supplier, Paramount Farms, in Lost Hills, California to Michigan. (Doc. 1 at 3.) On or about December 5, 2018, R&L Carriers, Inc. later retained Star Logix, Inc. to transport the load of pistachios from Lost Hills, California to Michigan with a scheduled delivery date of December 10, 2018. (Id.) On or about December 6, 2018, a work order was made by R&L Carriers, Inc. to Midas Solutions, Inc. to transport the load of pistachios. (Id.) On or about December 6 or 7, 2018, the load was picked up by a Midas Solutions, Inc. driver from Paramount Farms in Lost Hills, California. (Id.) The load was later offloaded from a trailer driven by the Midas Solutions, Inc. driver and delivered to a warehouse in Vernon, California. (Id.) The load of pistachios never made it to its destination in Michigan. (Id.)

According to the plaintiff, at all times relevant herein, plaintiff had in place a policy of insurance issued to Kar Nut providing transportation coverage. (Id.) Plaintiff alleges that as a result of the incident, Kar Nut sustained damages and filed a claim with the policy. (Id.) Plaintiff reports that it paid to or on behalf of Kar Nut $189,600.00, as a result of the damages it sustained. (Id.) Plaintiff has made a claim for damages with Defendants for $189,600.00. (Id.)

## III.    Discussion

### A.     Legal Standards

Federal Rule of Civil Procedure 55 allows that the Clerk of Court may enter default as to a

---

[4] Plaintiff's allegations are as set forth in the complaint. (Doc. 1 at 3.)

2

1  party against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend
2  against the action. *See* Fed. R. Civ. P. 55(a). As a general rule, once default is entered, the factual
3  allegations of the complaint are taken as true, except for those allegations relating to
4  damages. *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (citations
5  omitted); *see also Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977) (stating that
6  although a default established liability, it did not establish the extent of the damages). Although well-
7  pleaded allegations in the complaint are admitted by defendant's failure to respond, "necessary facts
8  not contained in the pleadings, and claims which are legally insufficient, are not established by
9  default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

10        A party may request entry of default judgment against a defaulted party pursuant to Federal
11  Rule of Civil Procedure 55(b). However, "[a] defendant's default does not automatically entitle the
12  plaintiff to a court-ordered judgment." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174
13  (C.D. Cal. 2002) (citing *Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986)). Instead, the
14  decision to grant or deny an application for default judgment lies within the district court's sound
15  discretion. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). The Ninth Circuit has provided
16  seven factors for consideration by the district court in exercising its discretion to enter default
17  judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim;
18  (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a
19  dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the
20  strong policy of favoring decision on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir.
21  1986).

22        Additionally, pursuant to Rule 54(b), "when multiple parties are involved, the court may direct
23  entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court
24  expressly determines that there is no just reason for delay*."* Fed. R. Civ. P. 54(b). Granting default
25  judgment as to only some claims or some defendants is generally disfavored "in the interest of sound
26  judicial administration." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980); *see*
27  *also Morrison-Knudsen Co. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981) ("Judgments under Rule
28  54(b) must be reserved for the unusual case in which the costs and risk of multiplying the number of

1  proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the
2  litigants for an early and separate judgment as to some claims or parties."). There is "a long-settled and
3  prudential policy against the scattershot disposition of litigation," and "entry of judgment under [Rule
4  54(b)] should not be indulged as a matter of routine or as a magnanimous accommodation to lawyers
5  or litigants." *Spiegel v. Trustees of Tufts College*, 843 F.2d 38, 42 (9th Cir.1988).

6  The Supreme Court has warned that "absurdity might follow" in instances where a court "can
7  lawfully make a final decree against one defendant . . . while the cause was proceeding undetermined
8  against the others." *Frow v. De La Vega*, 82 U.S. 552, 554 (1872). The Ninth Circuit has summarized
9  the *Frow* standard as follows: "[W]here a complaint alleges that defendants are jointly liable and one
10 of them defaults, judgment should not be entered against the defaulting defendant until the matter has
11 been adjudicated with regard to all defendants." *In re First T.D. & Investment*, 253 F.3d 520, 532 (9th
12 Cir.2001) (citing *Frow*, 82 U.S. at 554). "Supreme Court and Ninth Circuit precedent prohibit default
13 judgment where a default judgment against one defendant could be inconsistent with a judgment on
14 the merits in favor of other defendants." *York v. Am. Sav. Network, Inc.*, 2015 WL 6437809, at *2-3
15 (E.D. Cal. Oct. 21, 2015).

16 **B.    Analysis**

17 Plaintiff seeks entry of default judgment as to Star Logix, Inc., but the motion does not explain
18 why there is no just reason for delay of entry of final judgment as to fewer than all claims and parties.
19 See Fed. R. Civ. P. 54(b). The complaint asserts the first and third claims against each defendant, and
20 the second claim against R&L Carriers, Inc. (Doc. 1.) The complaint also "prays for judgment against
21 Defendants, and each of them, on each and every cause of action." (Id. at 6.) It therefore appears
22 plaintiff is seeking relief against defendants jointly and severally and, under *Frow*, default judgment
23 should not be entered against one defendant until the matter has been adjudicated as to all defendants.
24 At the very least, the claims, facts, and legal issues asserted in the complaint relative to each of the
25 defendants are very similar. *See In re First T.D. & Inv. Inc.*, 253 F.3d at 532 (reasoning that
26 the *Frow* principle applies to circumstances in which counterclaim parties have closely related
27 defenses or are otherwise "similarly situated."). Additionally, defendant R&L Carrier, Inc. has filed an
28 answer and has asserted that the shipper party caused the loss. (Doc. 7 at 5.) Consequently, there

4

appears to be a significant risk of incongruous or inconsistent judgments if the Court were to grant default judgment against Star Logix, Inc. at this juncture. See Employee Painters' Trust v. Cascade Coatings, No. C12-0101 JLR, 2014 WL 526776, at *3 (W.D. Wash. Feb. 10, 2014) ("it would be an abuse of discretion for this court to grant Plaintiffs' motion for default judgment because Plaintiffs allege the same claims against Mr. Schlatter and the non-defaulted jointly and severally liable co-defendants, Mr. McLaughlin and Cascade Partnership. Supreme Court and Ninth Circuit precedent prohibit default judgment where a default judgment against one defendant could be inconsistent with a judgment on the merits in favor of other defendants"); Helton v. Factor 5, Inc., Case No: C 10-4927 SBA, 2013 WL 5111861, at *6 (N.D. Cal. Sept. 12, 2013) ("In the present case, there is a serious risk of inconsistent judgments. Plaintiffs have alleged that Defendants all are jointly and severally liable for the 11 claims alleged in the First Amended Class Action Complaint.").

### IV. Findings and Recommendations

Based on the foregoing, the Court RECOMMENDS that plaintiff's motion for default judgment (Docs. 8, 15) be denied without prejudice.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one days of the date of service of these Findings and Recommendations, any party may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991); Wilkerson v. Wheeler, 772 F.3d 834, 834 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: **December 19, 2020**         **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE