UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERISURE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>R&L CARRIERS, INC, a Corporation, et al.,<br><br>Defendants. | No. 1:20-cv-01134-DAD-JLT<br><br>ORDER GRANTING DEFENDANT R&L'S MOTION FOR LEAVE TO FILE AMENDED ANSWER WITH CROSSCLAIMS<br><br>(Doc. No. 33) |

Before the court is a motion for leave to file an amended answer with crossclaims filed by defendant R&L Carriers, Inc ("R&L") on February 18, 2021. (Doc. No. 33.) Pursuant to General Order No. 617 addressing the public health emergency posed by the COVID-19 pandemic, defendant's motion was taken under submission on the papers. (Doc. No. 35.) For the reasons explained below, the court will grant defendant's motion.

**BACKGROUND**

Plaintiff Amerisure Insurance Company ("Amerisure" or "plaintiff") commenced this civil action on August 14, 2020 by filing a complaint for damages, the subject of which is a 41,000-pound shipment of pistachio nuts that plaintiff's insured purchased but allegedly never received. (Doc. No. 33 at 3.) As alleged in the complaint, plaintiff's insured retained R&L, a "freight forwarder," for the purpose of hiring trucking companies to transport the pistachio nuts from

1

supplier Paramount Farms to plaintiff's insured in Michigan.  (*Id.*)  R&L then hired multiple trucking companies to deliver the pistachio nuts to Michigan.  (*Id.*)  One of those companies, Midas Solutions Incorporated ("Midas"), allegedly picked up the nuts from supplier Paramount and delivered them to a warehouse in Vernon, California, instead of to Michigan.  (*Id.*)  The pistachio nuts were never delivered to plaintiff's insured "for uncertain reasons," the circumstances of which remain murky.  (*Id.*)  Indeed, the 41,000 pounds of pistachio nuts have allegedly never been located.  (*Id.*)

Defendant R&L intends to bring a crossclaim for indemnity against Midas, the trucking company that allegedly last possessed the pistachio nuts before they went missing.  (*Id.* at 4.)  The initial pleading deadline in this action was February 12, 2021, and that date has since passed.  (*Id.*)  Thus, on February 18, 2021, defendant R&L filed a motion seeking the court's leave to file an amended answer with crossclaims.  (Doc. No. 33.)  None of the other parties in this action filed any response or opposition to defendant R&L's motion.

## LEGAL STANDARD

"A party may amend its pleading once as a matter of course within:  (A) 21 days after serving it or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  Fed. R. Civ. P. 15(a).  Otherwise, a party must seek leave of court to amend a pleading or receive the opposing party's written consent.  *Id.*

Generally, "[c]ourts are free to grant a party leave to amend whenever 'justice so requires,' and requests for leave should be granted with 'extreme liberality.'"  *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 972 (9th Cir. 2009).  There are several factors a district court considers in whether to grant leave to amend, including undue delay, the movant's bad faith or dilatory motive, repeated failure to cure deficiencies by amendments already allowed, undue prejudice to the opposing party, and futility.  *Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  Of the *Foman* factors, the court should particularly consider prejudice to the opposing party.  *Id.*; *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

2

**DISCUSSION**

According to defendant R&L, all the factors courts consider in deciding whether to grant leave to amend weigh in favor of granting their pending motion. (Doc. No. 33 at 6.) Specifically, defendant points to the prejudice factor, the most important factor, arguing that "there is no conceivable possibility of any other party suffering legal prejudice if the Court grants Defendant's motion for leave." (*Id.*) With respect to any prejudice to plaintiff, defendant R&L asserts that "far from being prejudicial, [granting leave] would be beneficial to Plaintiff because Defendant's proposed crossclaims against Star and Midas . . . seek an indemnity remedy that would insure to Plaintiff's benefit, should Defendant prevail." (*Id.*) Lastly, defendant advances that "as to Star and Midas, there can be no resulting prejudice from having to defend against the proposed crossclaims because both trucking companies are already facing analogous damage claims brought by Plaintiff." (*Id.*)

The court finds defendant R&L's arguments persuasive. The court agrees that neither plaintiff nor defendants Star and Midas will suffer any prejudice should R&L be granted leave to amend its answer. Additionally, consideration of the other relevant factors does not weigh against the granting of the pending motion, as evidenced in part by the absence of any opposition from plaintiff, Star, or Midas.

**CONCLUSION**

For the reasons stated above,

1. Defendant R&L's motion for leave to file an amended answer and cross-complaint (Doc. No. 33) is granted; and

/////
/////
/////
/////
/////
/////
/////

2.  Defendant R&L is directed to file the proposed first amended answer and cross-complaint (Doc. No. 33-1) on the docket, captioned as the first amended answer and cross-complaint.[1]

IT IS SO ORDERED.

Dated: **October 22, 2021**

_/s/ Dale A. Drozd_
UNITED STATES DISTRICT JUDGE

---

[1] The court recognizes that defendant Star Logix, Inc. was terminated from this action on June 7, 2021. (Doc. No. 40.) Because defendant R&L names Star Logix as a defendant in its proposed amended answer and cross-complaint, and recognizing that defendant R&L may no longer intend to include Star Logix as a named defendant, the court permits defendant R&L to file an amended answer and cross-complaint that omits Star Logix as a defendant should defendant R&L choose to do so.

4